UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEKSANDAR VELJKOVIC, | ) | CASE NO. 5:15-cv-258 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| FIRST ENERGY CO., *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Aleksandar Veljkovic has filed this *pro se* action against First Energy Co. ("First Energy"), Anthony Alexander and Michael Lindow (both of First Energy), and Tom Michails (of Calfee, Halter and Griswold). (Doc. No. 1.) Plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

Plaintiff's motion to proceed *in forma pauperis* is granted; but, for the reasons stated below, the Court dismisses his complaint.

Plaintiff alleges in his two-paragraph, hand-written complaint that he has sustained "a long term injury and harm caused by First Energy Corporation." He alleges "negligent Mr. Anthony Alexander . . . has caused and allow[ed] wrong operations[]" which have resulted in injury, harm, pain and suffering to him. He seeks money damages from the defendants for alleged harm and injuries he has sustained.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982), *Haines v. Kerner*, 404 U.S. 519, 520, 99 S.

Ct. 1328, 59 L. Ed. 2d 553 (1972), 28 U.S.C. § 1915(e)(2) requires district courts to screen and dismiss any *in forma pauperis* action that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In addition, even if a plaintiff is not proceeding *in forma pauperis*, federal courts have an independent obligation to determine whether they have subject-matter jurisdiction over actions before them. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). The Federal Rules of Civil Procedure provide: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two basic categories of cases over which federal courts have subject-matter jurisdiction. First, the court has federal question jurisdiction, which is jurisdiction over cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Second, the court has "diversity" jurisdiction, which is jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332. The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

Plaintiff has not alleged a basis for federal subject-matter jurisdiction, and it is evident from the face of his complaint that such jurisdiction does not exist. The only discernible cause of action alleged on the face of the complaint is negligence, which is a cause of action arising under state tort law. In addition, plaintiff has not established a basis for this Court to

exercise diversity jurisdiction, as his pleading indicates that he lives in Willowick, Ohio and he is suing Ohio defendants.

In sum, the facts alleged in plaintiff's complaint do not establish a basis for this Court to exercise subject-matter jurisdiction. Therefore, the Court hereby dismisses plaintiff's complaint for lack of subject-matter jurisdiction. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: March 27, 2015

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**